IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00042-KDB

| | |
|---|---|
| CYNTHIA FOX,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security[1],<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Cynthia Fox's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 17). Ms. Fox, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

## I. BACKGROUND

On January 2, 2019, Plaintiff filed her application for benefits under title II of the Social Security Act, alleging that she had been disabled since August 15, 2018. (*See* Tr. 23). Plaintiff's application was denied initially and upon reconsideration. (*See id.*). After conducting a hearing on July 30, 2020, Administrative Law Judge Clinton C. Hicks (the "ALJ") denied Plaintiff's application in a decision dated August 27, 2020. (Tr. 23-31). On January 8, 2021, the Appeals Council denied Plaintiff's request for review. (*See* Tr. 9-12). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Fox has timely requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Ms. Fox was disabled under the law during the relevant period.[2] At step one, the ALJ found that Ms. Fox had not engaged in substantial gainful activity ("SGA") since her alleged onset date; and at step two that she had the following medically determinable and severe impairments: left ankle issues, rheumatoid arthritis, and osteoporosis (Tr. 25) (20 C.F.R. 404.1520(c)). The ALJ also evaluated Plaintiff's alleged mental impairments and determined that "[b]ecause the claimant's medically determinable mental impairments cause no

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

more than mild limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are nonsevere (20 CFR 404.1520a(d)(1))." At step three, the ALJ further found that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*See* Tr. 26-27).

The ALJ then determined that Ms. Fox had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to no climbing of ladders, ropes, or scaffolds, occasional climbing of ramps and stairs, balancing, kneeling, crouching, and crawling, and frequent stooping; frequent pushing and pulling with the lower extremities. She is limited to frequent handling and fingering, should avoid concentrated exposure to extreme cold and workplace hazards, and should have ready access to the restroom. The claimant needs a sit-stand option with the ability to change positions once per hour for 3 minutes at a time. She need a cane for ambulation only, and should be able to elevate the lower extremities to stool height while sitting.

(Tr. 27).

At step four, the ALJ found that the Plaintiff was able to perform her past relevant work as a temporary agency referral clerk, as generally performed (a sedentary job with an SVP of 3). (Tr. 31). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from August 15, 2018 through the date of his decision. (*See* Tr. 31).

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990); *see also Bird v. Comm'r of SSA,* 699 F.3d 337, 340 (4th Cir. 2012)*; Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020)*; Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith,* 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises four challenges to the ALJ's decision, arguing that: (1) the ALJ's decision is constitutionally defective, (2) the ALJ was required to reflect or more specifically consider

4

limitations related to Plaintiff's alleged mental impairments that the ALJ found to be non-severe in the RFC, (3) the ALJ improperly did not take account of or resolve conflicting medical opinions on standing / walking in the RFC, and (4) the ALJ failed to properly classify Plaintiff's past relevant work as a "composite job." As discussed below, the Court finds that none of these arguments warrants a remand of the ALJ's decision.

The Court first finds that the Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds her constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Yet, Plaintiff offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of her application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.[3]

---

[3] Indeed, Plaintiff's constitutional "removal restriction" argument is likely not even applicable to this case because ALJ Hicks was appointed by an *Acting* Commissioner of Social Security who

With respect to the Plaintiff's second argument, the Court finds that the ALJ did not err in not including any mental limitations for the Plaintiff in the RFC or further discussing her alleged mental impairments. As noted above, the ALJ found that Plaintiff's medically determinable mental impairments of alleged major depressive disorder and generalized anxiety disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities. (Tr. 25). Also, the ALJ noted that Plaintiff, who is in her 50's, has been reporting "severe" anxiety since she was in her 20's so her mental issues have not prevented her from engaging in her prior relevant work. The ALJ further explained that plaintiff "consistently had normal psychiatric findings on exam throughout the medical record." (Tr. 26). So, having found, based on substantial evidence, that Plaintiff's mental impairments would not meaningfully limit her work activities, the ALJ was neither required to include mental limitations in the RFC nor discuss them beyond the clear statement that Plaintiff's "residual functional capacity assessment reflects the degree of limitation the [ALJ] … found in the 'paragraph B' mental function analysis." (Tr. 26).

Plaintiff's third contention is that her RFC is not supported by substantial evidence or properly explained because the ALJ did not address the fact that the medical opinions of the two state agency medical consultants, both of which the ALJ found to be persuasive, disagreed on how long Ms. Fox could "stand and/or walk" in an eight-hour workday. While Plaintiff is correct that

---

could be removed from that office at the President's discretion. *See* 42 U.S.C. § 902(b)(4); *Collins,* 141 S. Ct. at 1783 ("[W]e generally presume that the President holds the power to remove at will executive officers and that a statute must contain "plain language to take [that power] away."); *see also United States v. Eaton*, 169 U.S. 331, 343 (1898) (holding that where a "subordinate officer is charged with the performance of the duty of the superior for a limited time, and under special and temporary conditions, he is not thereby transformed into the superior and permanent official"). Further, the Court need not and does not reach the Commissioner's additional arguments (harmless error, De Facto Officer doctrine and Rule of Necessity) in support of the constitutionality of the ALJ's ruling.

these medical opinions disagreed on the length of time she could stand and/or walk (4 hours v. 6 hours), the disagreement does not help Plaintiff nor require a remand. The ALJ determined that, taking full account of the limitations expressed by these doctors, Plaintiff is able to perform her past relevant work, as it is generally performed. As "generally performed," Plaintiff's prior work was sedentary in exertion, (Tr. 56, 58); therefore, any conflict between the standing/walking opinions of the two consultants the ALJ found persuasive is irrelevant because both sets of limitations encompass sedentary work. Accordingly, to the extent that their "conflict" had no bearing on the RFC or the ALJ's conclusions, the ALJ was not required to discuss the consultants' "conflicting" opinions.

Plaintiff's final claim is that the ALJ "failed to properly classify Fox's past relevant work." Specifically, Plaintiff argues that in her prior work as a "temporary help agency referral clerk" she was required to also clean the offices, which makes her prior work, as actually performed, a "composite job," requiring the Commissioner to establish that Plaintiff could perform both parts of her job to be found capable of performing her "prior relevant work." However, in finding that Plaintiff could perform her past relevant work, the ALJ made clear that his conclusion was limited to the job of being a "temporary agency referral clerk," which he defined as a "sedentary job with an SVP of 3," and that the Plaintiff was capable of doing that job "as generally performed." (Tr. 31). Thus, the ALJ did not find and need not have found that Plaintiff could do all the tasks in her former job when his finding was based only on the "requirements of [the] job, based on the general description." *Id*.

In sum, again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but rather only whether there is substantial evidence to support the ALJ's ruling. The Court has carefully reviewed the record, the authorities, and the

7

Case 5:21-cv-00042-KDB   Document 25   Filed 02/09/22   Page 7 of 8

parties' arguments. The ALJ applied the correct legal standards and the conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 17) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 9, 2022

Kenneth D. Bell
United States District Judge